# J. I. Meek *v.* Harvey Frantz, Appellant.

*Principal and surety—Reformation of contract—Evidence.*

Where a lease shows on its face that it was for three years, the surety of the lessee will not be relieved from liability because he testifies that he did not read the contract before signing it, and that he thought the lease was for one year, when such impression was not justified by anything the lessor said to him, and when the surety's testimony that he did not read the contract is not corroborated by any other witness, and is denied by the lessor.

*Principal and surety—Consideration—Equity.*

Where a contract of suretyship under seal is executed without the parties contemplating the passing of any valuable consideration to the surety, equity will not relieve the surety merely on the ground of want of consideration.

*Principal and surety—Fraud in procuring surety to sign.*

A surety on a lease is relieved from liability where it appears that the lessor, contrary to the desire of the lessee, asked the surety to sign the lease, and induced him to do so by the false representation that the lessee desired it; because, if the surety assumed liability for the lessees at their request they would be responsible to him for whatever sum he was required as their surety to pay their lessor, but if he voluntarily, and without their solicitation or knowledge, accepted that position, they would not be bound to reimburse him for money paid in discharge of the liability thus assumed.

Argued May 15, 1895. Appeal, No. 384, Jan. T., 1895, by defendant, from judgment of C. P. Union Co., May T., 1891, No. 173, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, and DEAN, JJ. Reversed.

Assumpsit on a bond of suretyship. Before McCLURE, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

The plaintiff in this case has brought an action against Harvey Frantz to recover on a contract of suretyship on a lease executed the 6th of January, 1890, by J. I. Meek and John J. Bieber & Co., Bieber & Co. agreeing to lease a certain storeroom from Meek, and Harvey Frantz subsequently signed and sealed a contract of suretyship on the back of this lease. It seems the rent due the first of April, 1891, was ninety dollars, and for that this suit was brought. [The defendant has sought to avoid the payment of this money by evidence that at the time the lease was executed by Bieber false representations were made to him by Meek as to the contents of the paper. The evidence of this is not sufficient in our judgment to warrant a chancellor to reform the instrument. It is denied by O. W. Meek and J. I. Meek and supported by the testimony of the paper and by Harry Dark. The plaintiff having the instrument itself and these two witnesses, the evidence on the part of the defendant is not sufficient to reform the instrument.] [1] [The same rule applies to the signature as to Frantz and the guarantee. The testimony of all the witnesses was that he signed this without any false representations as to its contents. It is a man's duty when he signs a paper to read it if he can, and if he cannot to have it read to him. If he does not do that he is guilty of negligence. Of course, if there

was sufficient evidence to show that fraud had been perpetrated upon him, we would allow this case to go before you; but we do not think there is sufficient for it.] [2] and [we therefore direct a verdict for the plaintiff for ninety dollars, with interest from the 1st of April, 1891.] [3]

2. If the jury believe from the evidence that the lease between the plaintiff and John J. Bieber & Co., was executed at the schoolhouse in the absence of the defendant, and that the plaintiff subsequently procured the defendant to sign the obligation sued on, without a consideration, plaintiff cannot recover. *Answer:* This point is refused. [4]

3. That if the jury believe that the plaintiff procured the signature of the defendant to the paper as guarantor or surety for John J. Bieber & Co., after the latter had signed the lease, by the false representation that John J. Bieber & Co., the principal obligors, had requested that the defendant should go bail, that this absolves the defendant from the contract and plaintiff cannot recover, but the verdict must be for the defendant. *Answer:* We do not affirm this point. It makes no difference in our judgment whether he was requested to go on by his brother-in-law or not. He went on voluntarily. [5]

Verdict and judgment for plaintiff for $100.55.

*Errors assigned* were (1–5) above instructions, quoting them.

*J. C. Bucher* and *Wm. R. Follmer*, for appellant.—Parol evidence is receivable in Pennsylvania to prove that a bond was fraudulently obtained, or that the consideration has failed: McCulloch v. McKee, 16 Pa. 289; Abbey v. Dewey, 25 Pa. 414.

In this case fraud is alleged and we have the testimony of two witnesses in support of the allegation. There was sufficient to take the case to the jury: Prowattam v. Tindall, 80 Pa. 295; Shaffer v. Clark, 90 Pa. 94.

Where a question of fraud is trying and there is evidence of fraudulent conduct on the part of the plaintiff, the court should not decide it, but should submit the question of fraud to the jury: McMichael v. McDermott, 17 Pa. 353; Huntzinger v. Harper, 44 Pa. 204; Greenawalt v. Kohne, 85 Pa. 369; Miller v. Henderson, 10 S. & R. 290.

If Frantz went on the lease voluntarily without the knowledge and request of the principal obligor, and Bieber & Co. received any benefit from his signature, the plaintiff could recover. But Frantz could not recover back from the principal obligor: 24 Am. & Eng. Ency. of Law, 778.

A contract of suretyship must be supported by a consideration : Yard v. Patton, 13 Pa. 278 ; 24 Am. & Eng. Ency. of Law 731; Paul v. Stackhouse, 38 Pa. 302 ; Wimer v. North Twp., 104 Pa. 317 ; Bixler v. Ream, 3 P. & W. 382 ; Geiger v. Cook, 3 W. & S. 266.

If fraud or imposition on the obligor or maker is set up as a defense, then not merely whether there was any consideration, but its adequacy, may be very material as an element in that question : Burkholder v. Plank, 69 Pa. 225 ; Dunbar v. Fleisher, 137 Pa. 85.

*Andrew A. Leiser*, for appellee.—The agreement by Frantz "to be responsible to J. I. Meek, or his assigns, for the true and faithful performance" of the contract of lease on the part of Bieber & Company, the lessor, is a contract of suretyship, and by it Frantz became directly and immediately liable for the payment of the rent at the times and in the same manner as Bieber & Company, the lessors; and if they did not pay it Meek had a right forthwith to demand it from Frantz and to sue him for it if not paid : Frechie v. Drinkhouse, 4 W. N. C. 298 ; Reigart v. White, 52 Pa. 438 ; Kramph's Exr. v. Hatz's Exr., 52 Pa. 525 ; Campbell v. Sherman, 151 Pa. 70 ; Gilbert v. Henck, 30 Pa. 205 ; Korn v. Hohl, 80 Pa. 333 ; Carey v. Sheldon, 2 Penny. 330.

The contract whereby Frantz agreed to be responsible for the payment of rent, etc., on the part of Bieber & Company being in writing and under seal, it imported a valuable consideration passing to him, and it is not necessary for the plaintiff to prove any consideration in order to recover against Frantz upon his contract of suretyship : Sherk v. Endress, 3 W. & S. 255 ; Wilson v. Wilson, 2 Pittsburg, 201 ; Candorv & Henderson's App., 27 Pa. 119 ; Burkholder v. Plank, 69 Pa. 225 ; Union B. & L. Assn. v. Hull, 135 Pa. 565 ; Hosler v. Hursh, 151 Pa. 415 ; Hummel's Est., 161 Pa. 215.

Bieber having testified that he could read, it was his duty to

read the lease, or, if unable to read, it was his duty to have it read to him, and a failure on his part either to read it or to have it read to him before signing it was such negligence as would make Bieber & Company liable under the contract: Penna. R. R. v. Shay, 82 Pa. 198; Greenfield's Est., 14 Pa. 489; Adams v. Bachert, 83 Pa. 524; Ins. Co. v. Fromm, 100 Pa. 347; Weller's App., 103 Pa. 594; McLain v. Smith, 158 Pa. 49.

Whether Frantz became surety for Bieber & Company at the request of Bieber or of Meek is not a material inquiry in this case; and if with the lease as executed by Bieber & Company, the lessees, before him, and an opportunity to read it, he signed the agreement to be responsible for the fulfillment of the terms of the lease on the part of Bieber & Company, he is bound by such agreement: Fulton v. Hood, 34 Pa. 365; Pa. R. R. v. Shay, 82 Pa. 198.

Before the defendant can be relieved of his obligation under the contract declared upon, he must show by clear, precise and indubitable evidence that a mistake or fraud was committed upon him, by the plaintiff, at the time he signed the contract: Spencer v. Colt, 89 Pa. 314; Phillips v. Meily, 106 Pa. 536; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35; Jackson v. Payne, 114 Pa. 67; Jones v. Backus, 114 Pa. 120; Sylvius v. Kosek, 117 Pa. 67; Van Voorhis v. Rea Bros., 153 Pa. 19.

The denial by the plaintiff of any such fraud or mistake is conclusive as an answer to such a defense, unless contradicted in a material matter as to what took place at the execution of the agreement by at least two disinterested witnesses, or one such witness and corroborating circumstances equivalent to a second witness: Phillips v. Meily, 106 Pa. 536; Oppenheimer v. Wright, 106 Pa. 572; McLain v. Smith, 158 Pa. 49.

The contract being under seal, thus importing a consideration, and, further, itself reciting that it was for value received, to wit, the grant of the premises to the lessees therein named, etc., an actual consideration, the fact that Frantz's undertaking was signed after the execution of the lease by Bieber is not material. Meek was entitled to his security, and Frantz, as surety, was bound to make good Bieber's default: Union Bldg. & Loan Assn. v. Hull, 135 Pa. 565; Hosler v. Hursh, 151 Pa. 415; Grubb v. Willis, 11 S. & R. 107.

The evidence on part of the defendant not being such evidence as would warrant a chancellor in submitting the question of fraud to jury, and being too vague and uncertain to reform the lease in suit, the court was entirely right in withdrawing the case from the jury: Phillips v. Meily, 106 Pa. 536; Martin v. Berens, 67 Pa. 459; Boyertown Nat. Bank v. Hartman, 147 Pa. 558; Hoffman v. R. R., 157 Pa. 174.

OPINION BY Mr. JUSTICE McCOLLUM, November 4, 1895:

The plaintiff leased to John J. Bieber & Co. from April 1, 1890, to March 31, 1893, "a certain lot of ground with dwelling house, store room, stable, shed etc. erected thereon," and was to receive for the same an annual rent of one hundred and seventy-five dollars, ninety dollars of which was payable on the first of April and the balance on the first of October of each year of the term. In a separate writing upon or appended to the lease the defendant in this suit agreed to be responsible to the lessor or his assigns for the faithful performance by the lessees of their contract. This writing was under seal and attested by two witnesses, and it appeared on its face that the agreement embraced in it was "for value received." The lessees abandoned the demised premises at the end of the first year and this suit was brought against their surety to recover the rent which by the terms of the lease became due on the first of April, 1891. The defendant says that he ought not to be held liable on his agreement because there was no consideration for it; he understood the lease was for one year only, and he was induced to become surety by the false representation of the lessor that the lessees desired him to do so.

We think it is clear that so much of the defense as involves a reformation of the lease and alleges want of consideration for the defendant's agreement must fail. The evidence is not sufficient to change a lease for three years into a lease for one year. Bieber could have read the lease before signing it, and according to the testimony of the lessor did read it before he executed it. True, Bieber denied having read it but in his denial he was not directly corroborated by a single witness. The defendant's impression that the lease was for one year was not justified by anything the plaintiff said to him when he became surety, and it afforded no support to Bieber's claim that he signed the lease without reading it.

If the defendant voluntarily executed the agreement on which this suit is based, and there was no fraud practiced in obtaining it, mere want of consideration for it will not constitute a defense. There is a well settled distinction between cases in which a valuable consideration was intended to pass, and therefore furnished the motive for entering into the contract, and cases in which such consideration was not contemplated by the parties. In the former, failure of consideration is a defense although the contract is under seal, while in the latter equity will not relieve against an instrument under seal, merely on the ground of want of consideration: Yard v. Patton, 13 Pa. 278. This rule appears to be as applicable to the obligation of the surety as to that of the principal. We think therefore that the material and controlling question in the case is whether the defendant was induced to become surety for the lessees by the false and fraudulent representation of the plaintiff that it was their request that he should do so. In considering this question it will be observed that the plaintiff admits the agreement of suretyship was written by him before he called upon Bieber to sign the lease, and that after, and on the day Bieber signed it, he sent for the defendant and requested him to become surety for the lessees. He denies that he told the defendant the lessees desired that he should become their surety and authorized him to say so for them, or that there was any conversation between him and Bieber when the lease was signed respecting an application to the defendant to become surety upon it. The latter testified distinctly that the plaintiff told him it was Bieber's request that he should sign the agreement. Bieber testified on this point as follows: " He (Meek) asked me to allow him to tell my brother-in-law (Frantz) for me that I wanted him to sign the lease for me, to go my security; I told him that he should not do so, that if I wanted any one for my bail I would ask them myself, and more than that he still continued to ask my permission to let him go and ask Mr. Frantz, and I positively refused to do so." This conversation was in the schoolhouse at the time the lease was signed, and Bieber's account of it is well sustained by the testimony of Harry Dark who was present and heard it. Upon the evidence thus summarized the question whether the plaintiff made a false representation which induced the defendant to become surety for the lessees was clearly for

the jury.    It is a mistake to suppose that an affirmative answer to this question involves a reformation of the agreement on which the suit is based, because no one contends for that or suggests that there are any grounds for it.    It is conceded that the defendant signed it as it is written, and the inquiry arising from the testimony is whether any fraud was practiced or resorted to by the plaintiff in obtaining his signature to it.    This is not, as is suggested by the learned counsel for the plaintiff, an immaterial matter.    It is important and material as affecting the rights of the defendant, because if he became surety for the lessees on their request they would be responsible to him for whatever sum he was required as their surety to pay to their lessor, and if he voluntarily and without their solicitation or knowledge accepted that position they would not be bound to reimburse him for money paid in discharge of the liability thus assumed.    We conclude that upon the evidence in the case the court should have affirmed the defendant's third point.

We sustain the second, third and fifth specifications of error and overrule the first and fourth.

Judgment reversed and venire facias de novo awarded.