## S. P. Anderson, Appellant, *v.* John A. Best.

*Judgment—Satisfaction of judgment—Payment—Act of March* 14, 1876.

Where a person has a judgment entered upon a bond and warrant of attorney, both regular on their face, the court of common pleas has no jurisdiction to make a summary order of satisfaction, except under the act of March 14, 1876, P. L. 7, which is confined to clear cases of actual payment.

Want of consideration is not a defense to a bond executed and delivered. Failure of consideration, however, is a ground of defense, because it raises an equity for relief which will be enforced in Pennsylvania even by courts of law.

A judgment entered upon a bond and warrant of attorney was paid, except as to two items. As to the first of these items it appeared that defendant sold to plaintiff a one eighth interest in certain oil lands, but before the deed was made he sold his whole interest in the land to another party at an advanced price. On plaintiff making complaint defendant promised to pay her one eighth of the advance he had realized, and this was liquidated by the parties at $1,250. As to the second item it appeared that defendant not having money enough to carry out a purchase of land agreed with plaintiff that if she would buy in his place, he would take the property off her hands, and treat the money advanced as a loan to him. The plaintiff bought the land and subsequently having demanded a fulfillment of the promise, a computation was made of what plaintiff had paid for the land, and what she had received as royalty from it, and the difference as liquidated by the parties was a part of the judgment confessed. The evidence showed that the bond was given after an adjustment of accounts, and that it was really an account stated. The court below ordered an entry of satisfaction upon the judgment on the ground that the two items above referred to were within the statute of frauds. *Held,* (1) that the statute of frauds had no application to the case; (2) that as the judgment was not on the original promises, but upon the written undertaking to pay, it was error for the court to direct a satisfaction of the judgment.

Argued May 4, 1896. Appeal, No. 27, Jan. T., 1896, by plaintiff, from order of C. P. Warren Co., June T., 1894, No. 89, entering satisfaction of judgment. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Rule to open judgment.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in directing the judgment to be marked satisfied.

*Samuel T. Neill*, for appellant.—The court had no power to decree satisfaction of judgment: Act of March 14, 1876, P. L. 7; 1 P. & L. Dig. 2491; Felt v. Cook, 95 Pa. 247; Riddle's App., 104 Pa. 171; Melan v. Smith, 134 Pa. 649; Atkinson v. Harrison, 153 Pa. 472; Adam's App., 101 Pa. 472. The court had no ground upon which to open judgment: Benjamin v. Zell, 100 Pa. 33; Maffitt v. Rynd, 69 Pa. 380; Howell v. Kelly, 149 Pa. 473; Hess's App., 112 Pa. 168; Houser v. Lamont, 55 Pa. 311; Whitmire v. Montgomery, 165 Pa. 253; Hobough v. Murphy, 114 Pa. 368; Bolton v. King, 105 Pa. 78; Leonard v. Duffin, 94 Pa. 218; Brown v. Bennett, 75 Pa. 420; Trout v. McDonald, 83 Pa. 144; Bard v. Ford, 3 Barb. Ch. 632; Lovett v. Cowman, 6 Hill. 226; Everhart's App., 106 Pa. 357; Rickett's App., 21 W. N. C. 229; Walcott v. McFarlan, 6 Hill, 227; Douglass v. Douglass, 3 Edw. Ch. 390; Sheetz v. Baldwin, 12 Ohio, 120; Newson v. Ran, 18 Ohio, 240; Cook v. Bee, 2 Tenn. Ch. 344; Boyce v. McCulloch, 3 W. & S. 429; Garver v. McNulty, 39 Pa. 473; Auer v. Penn, 92 Pa. 444; Lauer v. Lee, 42 Pa. 165; Brownfield v. Brownfield, 151 Pa. 565; Graham v. Pancoast, 30 Pa. 89; Nace v. Boyer, 30 Pa. 99; Shuman v. Shuman, 27 Pa. 90; Baker v. Lukens, 35 Pa. 146; Hershey v. Weiting, 50 Pa. 240; Adams v. Grey, 154 Pa. 258; Griffith v. Sears, 112 Pa. 523; Griffith's App., 16 W. N. C. 249; Ham v. Smith, 87 Pa. 63; Kilborn v. Field, 78 Pa. 194; Lestapies v. Ingraham, 5 Pa. 81. The defendant's petition should have been dismissed: Cochlin v. Com., 11 W. N. C. 460; Jones v. Dilworth, 63 Pa. 447; Skidmore v. Bradford, 4 Pa. 296.

*Wm. Schnur*, of *Wilbur & Schnur*, for appellee, cited: Patterson v. Juniata Bank, 4 W. & S. 42; Whiteall v. Morse, 5 S. & R. 358; Espy v. Anderson, 14 Pa. 310.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896:

The appellant had a judgment entered upon a bond and warrant of attorney, and both were regular on their face. There was therefore no jurisdiction for a summary order of satisfaction, except under the act of March 14, 1876, P. L. 7, which is confined to clear cases of actual payment: Atkinson v. Harrison, 153 Pa. 472.

The bond was an absolute obligation for the payment of money, but the defendant filed a petition to open the judgment, nominally on the ground that the bond was without consideration, but really setting up that it was given " for the purpose of securing or perfecting the title to an interest in certain oil lands which plaintiff's agent was negotiating to purchase from defendant," and that said negotiations " were never consummated but entirely abandoned." This petition, treating it as based on failure of consideration, was defective in omitting to aver that the abandonment of the negotiations was not through the fault of petitioner. This point however became unimportant, as on the hearing of the rule the court found that petitioner had failed to establish his case. It appeared however that payments on account had been made and the whole sum named in the bond was not due. The learned judge therefore filed an opinion declaring there was no cause shown for opening the judgment, but directing an issue to determine how much was due upon it. This was the correct practice if the amount actually due was in doubt. A reargument being asked for however, the court granted it, and thereupon determined that the bond was without consideration, inasmuch as the two items of debt remaining due under it were within the statute of frauds. He therefore ordered an entry of satisfaction to be made on the record of the judgment.

In reaching his conclusion the learned judge overlooked the plaintiff's position. The latter had a regular judgment, entered on a regular bond, to which there was no legal defense. Want of consideration is not a defense to a bond executed and delivered : Burkholder v. Plank, 69 Pa. 225 ; Rishel v. Crouse, 162 Pa. 3. Failure of consideration however is a ground of defense, because it raises an equity for relief, which will be enforced in Pennsylvania, even by courts of law.

But no failure of consideration was shown by defendant. The debt represented by the bond is paid except as to two items, and a receipt has been entered by plaintiff on the record for all the judgment over the amount of those two. As to those the undisputed facts were, first, that defendant sold to plaintiff a one eighth interest in certain oil lands, but before any deed was made sold his whole interest in the land to another party at an advanced price. On plaintiff's making complaint, defendant

promised to pay her one eighth of the advance he had realized, and this, liquidated by the parties at $1,250, was part of the debt represented by the bond. The second item was somewhat similar in legal aspect. Defendant not having money enough to carry out a purchase he had made of certain oil lands, agreed with plaintiff that if she would buy in his place, he would take the property off her hands and treat the money advanced as a loan to him. The plaintiff did so buy and subsequently having demanded a fulfillment of the promise, a computation was made of what plaintiff had paid for the land, and what she had received as royalty from it, the difference was liquidated by the parties and the sum so agreed upon made the second item in the amount of the bond.

On these facts it is perfectly clear that defendant has no defense either in law or equity. In the first place, it was not noticed by the court below nor by counsel here that the bond was an account stated. Plaintiff's attorney, Schofield, as quoted by the learned judge below, testified that after considerable talk on the subject, defendant said " I will give you a mortgage to secure your aunt for everything I may in any way owe her. Take down the figures and we will see how much it can possibly be." There had been several business transactions between the parties, and they were gone over. " As he called these amounts off I put them down, figured them up and told him the amount was $21,000. He says, very well, make out your bond and mortgage." This was done, and the result was an account stated which could not be opened except for fraud or plain mistake, neither of which is shown in this case.

This view was not brought to the attention of the learned judge below, and he was of opinion that there was no consideration for the bond because the items of the original debt were within the statute of frauds. As already said, want of consideration is no defense to a bond. But there was consideration. Defendant had made a profit by breaking a contract of sale to plaintiff, and promised to pay her a due share of such profit, and as to the second item he had secured the continued control of oil territory by his promise to take it off plaintiff's hands and account to her for the purchase money as for a loan. Both these promises were such as honesty required him to keep, and would have supported an action of assumpsit except for the

technical objection that they were not in writing. But it is definitely settled in this state that a moral obligation is a sufficient consideration to support an express promise: Bailey v. Philadelphia, 167 Pa. 569. The distinction sought to be made between considerations formerly good but now barred by statute, and those barred by statute in the first instance, is not substantial, and is not sustained by the cases.

The statute of frauds has no application to the case. As already said, the promises of defendant to plaintiff would have been enforceable at law except for the statute. But the statute does not declare the contracts upon which those promises were made either illegal or void. It simply refuses to enforce them unless proved by a writing. When the defendant put his promise to pay in writing he obviated all difficulty from the statute. The original promises could not have been recovered upon, but this judgment is not on the original promises but on the written undertaking to pay.

The bond authorizes a five per cent collection fee. The plaintiff is entitled to add this to his judgment, but it must be computed upon the amount of the debt actually due.

Judgment reversed, entry of satisfaction to be stricken off, and rule to open judgment discharged with costs.