## Cosgrove v. Cummings.

*Seal—Consideration—Bond.*

195    497
220    ¹583
f221    ²438

195    497
39SC¹623

A seal imports a consideration and creates a legal obligation; in an action upon a bond or note under seal, want of consideration is no defense.

In a pending suit defendant offered to execute and deliver to plaintiff a bond to indemnify or secure him for any judgment that might be obtained in the suit against the defendant, if the plaintiff would execute and deliver to defendant a bond to indemnify or secure him for any judgment that might be obtained in said suit against the plaintiff. The offer was accepted, and the bonds were executed and delivered. The case resulted in a judgment against the defendant. Subsequently judgment was entered on the bond against the defendant and his sureties. On a rule to open the judgment the evidence taken failed to establish fraud or mistake in the execution and delivery of the bond, or in any transaction connected with it. *Held*, that the court below committed no error in refusing to open the judgment.

Argued March 14, 1900. Appeal, No. 319, Jan. T., 1899, by defendants, from order of C. P. Lycoming Co., June T., 1899, No. 142, discharging rule to open judgment, in case of Patrick Cosgrove v. Charles J. Cummings et al. Before McCollum, Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that on August 11, 1897, Patrick Cosgrove brought suit against Charles J. Cummings, John Heilman and Ella R. Cummings. Subsequently the pleadings were so amended that Charles J. Cummings was made sole defendant. In pursuance of the agreement by which this amendment was made, the bonds referred to in the opinion of the Supreme Court were given. The suit was then prosecuted against Cummings alone and resulted in a judgment against him. After the Supreme Court had affirmed this judgment against Cummings, plaintiff entered judgment on the bond which had been given to him. Subsequently a rule was taken by Cummings and his sureties to open the judgment, which rule was discharged by the court.

*Error assigned* was the order discharging the rule.

*W. E. Ritter*, with him *George B. Metzger* and *F. P. Cummings*, for appellants.—The consideration for the bond failed:

Candor & Henderson's App., 27 Pa. 120; Burkholder v. Plank, 69 Pa. 233; Yard v. Patton, 13 Pa. 278; Hancock's App., 34 Pa. 155; Muirhead v. Kirkpatrick, 21 Pa. 242; Anderson v. Best, 176 Pa. 498.

The bonds exchanged between the parties could in no sense be considered as voluntary bonds. One was distinctly given in exchange for the other, and because each of the parties contemplated a benefit or advantage arising to himself.

The consideration in the bond from Cosgrove to Cummings having failed, the bond of Cummings stands with nothing to support it: Muirhead v. Kirkpatrick, 21 Pa. 242; Wimer v. North Township, 104 Pa. 320; Cleaver v. Lenhart, 182 Pa. 285.

*John J. Reardon* and *Nicholas M. Edwards*, for appellee, were not heard but in their printed brief said: The bond upon which judgment was entered was a sealed contract between the parties, and could not be set aside or reformed except for fraud or mistake: Bank of Northern Liberties v. Cresson, 12 S. & R. 306; Cosgrove v. Cummings, 190 Pa. 525; Speck v. Com., 3 W. & S. 327; United States v. Hodson, 10 Wallace, 395.

The seal imports a consideration, and in the absence of fraud or mistake, want of consideration cannot be inquired into: Sprigg v. Mt. Pleasant Bank, 10 Peters (U. S.), 257; Grubb v. Willis, 11 S. & R. 106; Yard v. Patton, 13 Pa. 278; Burkholder v. Plank, 69 Pa. 225; Meek v. Frantz, 171 Pa. 632; Collins v. Blantern, 1 Smith's Leading Cases (8th ed.), 749.

PER CURIAM, April 30, 1900:

This is an appeal from the refusal of the court below to open a judgment entered on a bond under seal. A seal imports a consideration and creates a legal obligation: Candor & Henderson's Appeal, 27 Pa. 120. In an action upon a bond or note under seal want of consideration is no defense: Sherk v. Endress, 3 W. & S. 255; Yard v. Patton, 13 Pa. 278; Anderson v. Best, 176 Pa. 498.

In the suit of Cosgrove v. Cummings the defendant offered to execute and deliver to the plaintiff a bond to indemnify or secure him for any judgment that might be obtained in said suit against the defendant if the plaintiff would execute and deliver to the defendant a bond to indemnify or secure him for

any judgment that might be obtained in said suit against the plaintiff. The offer of Cummings was accepted by Cosgrove and the bonds were executed and delivered in accordance with it. The trial of the suit resulted in a verdict and judgment against the defendant, which on appeal to this court was affirmed. In this result we are unable to discover any cause for relieving the appellants from liability on their bond. The testimony submitted by them to support the rules to show cause why the judgment on the bond should not be opened and they let into a defense, failed to establish fraud or mistake in the execution and delivery of the bond or in any transaction connected with it. We therefore conclude that the court below did not err in refusing to open the judgment.

Judgment affirmed.