## Beccia v. Hause.

*Mechanic's lien—Contract against liens—Bond against liens—Release of liens—Failure of consideration for release—Circuity of actions—Set-off.*

1. An agreement by a contractor to give a surety bond against mechanics' liens up to 75 per cent. of the amount of the contract, is not tantamount to an agreement not to file a mechanic's lien.

2. Where, however, the contractor agrees to give his bond to protect the owners against mechanics' liens, it will be construed to be an agreement not to file a lien, and this to avoid circuity of action.

3. Where there is an agreement to give a surety bond for a certain percentage of the contract price and a lien is filed and the owner required to pay and recover over from the surety, there is no circuity of action, and, therefore, the lien can be sustained.

4. Where a release of liens is executed upon an agreement by the owner that the claim released will be paid out of the proceeds of a loan being made by a building association, and the owner fails to make payment, there is a failure of consideration and the release is not binding.

5. In such case, the agreement to pay out of the loan does not require the evidence of two witnesses or its equivalent to establish it.

6. Failure of consideration is a good defence to a specialty.

Motions for judgment *non obstante veredicto* and for a new trial. C. P. Delaware Co., June T., 1923, No. 369.

*W. R. Fronefield,* for motion; *H. M. Lutz,* contra.

BROOMALL, J., Nov. 12, 1924.—This is a suit by the plaintiff against the defendants on a mechanic's lien for an amount claimed to be owing to him for building a house. A verdict was rendered for the plaintiff.

But two reasons are urged to our attention by the defendants in support of their motions. They are, first, the plaintiff had contracted not to assert his right to file a lien; and, second, that the plaintiff had released his lien.

As to the first, it appeared that the plaintiff, in his written contract for the building of the house, stipulated, "Contractor must give a surety bond against mechanics' liens to seventy-five per cent. of amount of contract." It is con-

tended that this is a contract not to assert a right of lien. True it is that if the plaintiff had agreed to give his bond to protect the owners against mechanics' liens, it would be tantamount to an agreement not to assert a mechanic's lien, and this to avoid a circuity of action. But that is not his case. In the instant case he does not agree to give his bond. He agrees to give the bond of a surety and that, too, for a limited amount—75 per cent. of the contract price.

This lien is filed for $1035.30, upon which the jury has rendered a verdict of $513.71. Upon the payment of this verdict, the defendants have a right of action on the bond against the surety for reimbursement. This is not a case of circuity of action. We are of opinion, therefore, that the contract provision referred to is not tantamount to an agreement not to file a lien, and this reason is not tenable.

The other reason urged is that the plaintiff had released his lien. It appears that the plaintiff executed and delivered to the defendant, Frederick Herman Hause, a release of lien, he, Frederick Herman Hause, agreeing to pay to the plaintiff the amount of his claim out of moneys he was about to receive from the loan of a building association. This he only partially did. The proof of the defendants' undertaking does not require to conform to the equitable standard of two witnesses or their equivalent. It is a case of alleged failure of consideration. The question of fact, whether the release was delivered in consideration of a promise to pay upon the receipt of the money from the building association, was submitted to the jury and found for the plaintiff. A failure of consideration is a good defence to a specialty: Benson v. Mole, 9 Phila. 66; Anderson v. Best, 176 Pa. 498.

It, therefore, follows that the plaintiff did not release his lien, and this reason is not tenable.

Accordingly, we dismiss defendants' motions for judgment n. o. v. and for a new trial. From A. B. Geary, Chester, Pa.