Shinn et al. *v.* Stemler, Appellant.

Argued December 13, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*P. B. Roads,* for appellant.

*Cletus C. Kilker,* with him *James A. Dolphin,* for appellee.

OPINION BY RHODES, J., January 18, 1946:

Defendant, maker of a judgment note under seal, has appealed from the order of the court below discharging rule to show cause why the judgment entered by confession should not be opened.

Appellant's petition to open the judgment avers merely that appellant "never received any consideration by reason of the execution . . . of said judgment note." Plaintiff's answer was that appellant's averment is in

contradiction to and at variance with the terms and import of the judgment note, and does not present a valid defense.

Plaintiff's position is that since the note is under seal, the defense of want of consideration is not available to appellant.

The court below in discharging the rule to show cause which had been issued was of the opinion that want of consideration, which was the only matter set forth in appellant's petition for rule to open judgment, was insufficient.

The petition and answer raised the issue and presented a legal rather than a factual question. *Sprenger v. Litten,* 142 Pa. Superior Ct. 194, 198, 15 A. 2d 527.

We agree that appellant's petition was insufficient to warrant the court below in opening the judgment. A court has no discretionary power to open a judgment where the petition does not set forth facts which are sufficient at law to sustain a verdict in favor of the petitioner. *Sferra et al. v. Urling et al.,* 324 Pa. 344, 347, 188 A. 185. That is the situation here.

Appellant has presented no defense either in law or equity. The note was under seal, and a seal imports a consideration and creates a legal obligation; it follows that upon a note under seal want of consideration is no defense in Pennsylvania. *Meek v. Frantz,* 171 Pa. 632, 638, 33 A. 413; *Anderson v. Best,* 176 Pa. 498, 500, 35 A. 194; *Cosgrove v. Cummings,* 195 Pa. 497, 46 A. 69. And equity will not relieve against an instrument under seal merely on that ground. *Yard v. Patton,* 13 Pa. 278, 284. The reason would seem to be clear. "It is not essential in order to make a promise under seal operative as a sealed contract that consideration be given for the promise." Restatement of the Law, Contracts, § 110. For authorities, see Pennsylvania Annotations, § 110.

Our courts agree that failure of consideration is a good defense against a sealed instrument. *Welch v. Sultez,* 338 Pa. 583, 591, 13 A. 2d 399. But want of con-

sideration has likewise long been recognized in this state as no defense to an action on a sealed instrument. *Killeen's Estate,* 310 Pa. 182, 187, 165 A. 34. Want of consideration is a defense to a suit on an unsealed note between the immediate parties (*First National Bank of Williamsburg v. Smith,* 132 Pa. Superior Ct. 73, 78, 200 A. 215) ; but want of consideration is no defense on an instrument under seal even between the immediate parties (*Cosgrove v. Cummings,* supra, 195 Pa. 497, 46 A. 69).

The distinction between want and failure of consideration may be stated as follows: ". . . want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies that a valuable consideration, moving from obligee to obligor, was contemplated: Meek v. Frantz, 171 Pa. 632 [33 A. 413]. Want of consideration is no defense, as this would contradict the terms of the instrument, while failure of consideration does not contradict the terms of the instrument, but shows that the consideration contemplated was never received: Piper v. Queeney, 282 Pa. 135, 142 [127 A. 474]": *Killeen's Estate,* supra, 310 Pa. 182, at page 187, 165 A. 34, at page 35.

As the case depends upon a legal question, it is before us for review upon that proposition rather than to determine whether the court below has properly exercised its discretion. *Bauer v. Hill,* 267 Pa. 559, 564, 110 A. 346.

The court below was of the opinion that the note was non-negotiable, as it authorized a confession of judgment "as of any term" without restriction as to time. We think this conclusion is correct, as a note containing a warrant of attorney to confess judgment at any time is a non-negotiable instrument. *Miners State Bank v. Auksztokalnis,* 283 Pa. 18, 24, 128 A. 726.

On the record no testimony was needed as no question of fact was involved. There was no disputed point to submit to a jury. We think the court below properly

decided the question presented, and that it did not err when it discharged the rule to open.

Order of the court below is affirmed, at the cost of appellant.