## Reading Trust Company v. Wood

118

*Duffy, McTighe & McElhone,* for plaintiff.
*Torak & DeYoung,* for defendants.

FORREST, P. J., November 29, 1965.—Defendants in this case, John C. Wood and Caroline Wood, his wife, purchased a water softener and chlorinator from Zeo-Ran Water Softener Company on July 22, 1963. On that date, defendants executed a contract and a "property improvement application" on forms provided by Zeo-Ran Company's salesman. On the following day, defendants signed a "Completion Certificate and Authorization to Pay" and on July 25, 1963, both husband and wife signed a negotiable installment note. After the note was signed, defendants received an insurance policy and payment coupon book from Reading Trust Compant, plaintiff herein.

The provisions of the installment note called for 60 payments of $16.54 per month, which monthly installments were to commence on November 25, 1963. When the first payment was not received on its due date, plaintiff advised defendants of their failure to pay. Despite several other notices sent to defendants, they still failed to pay on the note. On December 18, 1963, the note was filed and judgment by confession, pursuant to the terms of the note, was entered against defendants in the amount of $992.40, plus costs. On July 28, 1964, defendants filed a petition to open judgment with this court. Depositions of defendants were taken on November 14, 1964, and depositions of D. Saltzman, R. Bayshore and Mr. Schonour were taken April 19, 1965. The argument on defendants' petition was held before this court, sitting en banc,

on October 18, 1965. The disposition of said argument is now before us.

It is now well established in this Commonwealth and recently reaffirmed by the Supreme Court in the case of McDonald v. Allen, 416 Pa. 397 (1965), that to open a judgment the petition must show a valid defense and some sort of equitable defense. The court said, at page 399:

"In Ehnes v. Wagner, 388 Pa. 102 at 104, we said: 'To open judgment, the petitioner must not only aver a valid defense but he must also establish equitable considerations which impress the court with the need for relief: Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections, 386 Pa. 50, 53, 123 A. 2d 406' ".

The "valid defense" offered by petitioner is that the machinery delivered by the Zeo-Ran Company was faulty and defective. It was further suggested that petitioners were defrauded in some fashion by Zeo-Ran. However, it does not appear that plaintiff, Reading Trust Company, was a party to the alleged fraud or had any knowledge thereof; nor is there anything which should have put them on notice of any fraud. Indeed, there is some doubt if there was any fraud committed by Zeo-Ran at all.

Defendants argue that plaintiff cannot qualify as a holder in due course of the judgment note, since said note was non-negotiable. It is claimed that the note is not negotiable because it authorizes the confession of judgment at any time for the full amount. The recent case of Smith v. Lenchner, 204 Pa. Superior Ct. 500 (1964), supports this theory by the following comment at page 505:

"Howbeit, the note in the instant case is not 'an instrument otherwise negotiable' because it authorizes confession of judgment as of any term. Prior to the enactment of the Code, a note containing a war-

rant of attorney to confess judgment at any time was held to be a nonnegotiable instrument: Shinn v. Stemler, 158 Pa. Superior Ct. 350, 45 A. 2d 242. This rule was applied to a demand note: . . . The same result has been reached in cases subsequent to the enactment of the Code".

Defendants' argument is correct; however, in the instant situation, the note involved did not authorize confession of judgment "at any time". The text of the note clearly indicates that a default in payments was necessary before judgment by confession would be permitted. The note reads as follows:

"In the event that any installment is not paid fifteen days from its due date I/we hereby agree to pay in addition to such installment a late charge equal to five percent of the amount of such installment so in arrears. Without defalcation for value received, I/we so hereby empower any Attorney of any court of record within the United States or elsewhere to appear for me/us and with or without declaration filed, confess judgment against me/us and in favor of the holder hereof, for the full amount of this note, with cost of suit and attorney's commission of fifteen per cent for collection, with release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon is also hereby expressly waived, and no benefit of exemption may be claimed under and by virtue of any exemption law now in force or which may be hereafter passed".

This is a negotiable instrument. Plaintiff is a holder in due course of the aforesaid negotiable instrument, and the facts indicate that judgment by confession was not entered until after defendants deffaulted. A holder in due course is defined in the

Uniform Commercial Code of April 6, 1953, P.L. 3, sec. 3-302, as amended, 12A PS §3-302, as follows:

"(1) A holder in due course is a holder who takes the instrument (a) for value; and (b) in good faith; (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person".

The rights of a holder in due course have been set forth in section 3-305 of the Uniform Commerical Code, 12A PS §3-305, as follows:

"To the extent that a holder is a holder in due course he takes the instrument free from (1) all claims to it on the part of any person; and (2) all defenses of any party to the instrument with whom the holder has not dealt except (a) infancy, to the extent that it is a defense to a simple contract; and (b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and (c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and (d) discharge in insolvency proceedings; and (e) any other discharge of which the holder has notice when he takes the instrument".

This court finds no indication of any fraud or misrepresentation in the transactions involved in the instant case; nor is there any apparent duress, illegality or incapacity involved herein. The facts indicate that defendants had ample time to read the terms of the contracts. It is also clear that defendants received a payment coupon book, which was sent to defendants shortly after the signing of the installment note, on July 25, 1963, and the first payment due plaintiff was not until November 25, 1963. Further, judgment was not entered until December 18, 1963, and at no time did defendants raise any objections to the posi-

tion of plaintiff as purchaser of this commercial paper. Indeed, it was not until July 28, 1964, that a petition to open judgment was filed, and not until October 18, 1965, that the petition was presented to this court for argument.

The case of The First National Bank of Philadelphia v. Anderson, 7 D. & C. 2d 661 (1956), dealt with the problems of opportunity and refusal to read a written contract by petitioners. The court said, at pages 666-67:

"We do not conceive it to be the intention of the legislature to alter the long-established rule that where there is no legal justification for failure to read a written contract on which suit is brought, failure to read is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof: Berardini v. Kay, 326 Pa. 481; Schoble v. Schoble, 349 Pa. 408; Silberman v. Crane, 158 Pa. Superior Ct. 186".

The case continued on page 667 as follows:

"We are in accord with the comment under the section involved to the effect that a number of factors should be taken into consideration in determining the efficacy of fraud in factum as a defense. Amongst these are age and sex of the party, his intelligence, education and business experience, his ability to read or understand English, representations made to him and his reason to rely on them, . . . the presence or absence of any third party who might read or explain it to him and the apparent necessity or lack of it, for acting without delay".

It appears that defendants had sufficient opportunity and understanding to comprehend the nature of the transactions involved herein. The Zeo-Ran salesman visited them in June of 1963, and the judgment note was not signed until July 25, 1963. Further, there is a lengthy time lapse between the signing of

the note, the default and entry of judgment, and the petition to open judgment, which belies any assertion that defendants were misled by the transactions which they entered into with Zeo-Ran Company. Defendants have failed to show any proper reason for opening plaintiff's judgment.

ORDER

And now, November 29, 1965, the petition of John C. Wood and Caroline Wood, his wife, to open judgment in this case is denied.