# Taussig's Appeal.

*Principal and surety—Judgment note—Assignment of interest in trust estate—Evidence—Decedents' estates.*

Where a mother and son, the one having a life interest, and the other a remainder interest in an estate, jointly execute a judgment note, and assign their respective interests as security for the payment of the note, and it appears on the face of the papers that the mother was the principal and the son the surety in the transaction, it may be shown, nevertheless, after the death of the mother, as between the mother's estate and the son or his assignee, that the son was in fact the principal, and the mother only the surety.

Argued Jan. 22, 1908. Appeal, No. 30, Jan. T., 1908, by L. Meredith Taussig (formerly Ball), and May W. Ball, Executrices of the Estate of Sarah B. Ball, deceased, from decree of C. P. No. 4, Phila. Co., March T., 1891, No. 931, dismissing exceptions to auditor's report in the Trust Estate of George B. W. Ball and wife. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to report of auditor, Gordon Bromley, Esq.

From the record it appeared that on June 27, 1878, George B. W. Ball and wife executed a voluntary deed of trust to the Pennsylvania Company for Insurance on Lives and Granting Annuities. Under this deed the grantors reserved to themselves life estates in the principal with remainder over to their children. After the death of Mr. Ball, Mrs. Ball and her son, Louis Irving Ball, signed the papers constituting the

transaction described in the opinion of the Supreme Court. Before the auditor one William Bryans, an assignee of Louis Irving Ball, claimed the share of Louis's estate assigned to him as against the claim of Mrs. Ball's estate. The auditor allowed Bryans' claim.

Exceptions to the auditor's report filed by Mrs. Ball's executors were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*William Trautwine, Jr., Joshua Matlack* and *E. Spencer Miller,* for appellants.

*J. Howard Morrison,* for appellee.

PER CURIAM, April 27, 1908:

The relations of borrowers to the lender are not conclusive of their relations to each other. In this case the borrowers were mother and son, and it may be conceded that on the face of the papers the former was the principal and the latter only a surety. But the facts as shown by the evidence are all the other way. Both mother and son had interests in a trust estate, the former's being present and the latter's future and contingent. The son wanted to borrow money, and on applying for a loan was informed that his security was not sufficient, but that if his mother would pledge her name and interest in the trust estate the loan would be made. The mother consented and the loan was made, both parties signing a judgment note, and each separately executing an assignment of his and her interest in the trust estate with power of attorney to collect from the trustee, etc. On the note both parties were joint obligors, but conceding for present purposes that on the face of the papers the mother became the principal debtor, the situation was open to explanation and the evidence makes it clear beyond all doubt. The son, not the mother, wanted to borrow the money, the lender refused to make the loan to him, but as the mother had an interest in the trust estate which made him willing to lend on her credit, he put her in the position of primary debtor and made the loan. As be-

tween him and the borrowers the relation was thus made conclusive, and it may be conceded that, prima facie, that was the relation of the borrowers between themselves. But the evidence is overwhelming that the real relations were entirely different. As already said the son wanted the loan, he applied for it himself, and failed to get it. Then his mother pledged herself for it, the loan was made and the son got the money. As between themselves he was the principal debtor and the mother only a surety in the whole matter. The learned auditor below gave too much weight to the mere form of the transaction, in disregard of the convincing evidence of its actual character.

Decree reversed and record remitted, with directions to allow the claim of appellants.