## Standard Furnace Company, Inc., Appellant, *v.* Roth.

Argued April 24, 1931.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*William S. Doty,* and with him *Thomas A. Thornton,* of *Doty and Thornton,* for appellant.

*E. P. Curran,* and with him *Hunter, Ecker and Clunk,* for appellee.

Opinion by Gawthrop, J., July 8, 1931:

This is an appeal from an order making absolute a rule to show cause why a judgment by confession entered against defendants on their judgment note should not be opened.

On April 17, 1926, the legal plaintiff and defendants entered into a written contract, by the terms of which the legal plaintiff was to install in defendants' house a certain specific type of heating furnace for the sum of $400, payable as follows: $22.23 on September 1, 1926, and the balance by judgment note due and payable in seventeen equal monthly installments of $22.23 each, beginning October 1, 1926. Default in payment of an installment when due rendered the entire unpaid balance of the note due and payable. The contract contained the following provision: "The owner hereby waives his right to cancellation, and further hereby agrees that he has no defense, in whole or in part, to the payment of the sums agreed by him to be paid, as evidenced by the note signed herewith." At the bottom of the paper, below the signatures of the use plaintiff and the defendants to the contract, was a printed form of a judgment note which was detachable by reason of a perforated line between it and the contract. At the same time that the agent of the legal plaintiff obtained the signatures of defendants to the contract he filled up the note in the sum of $377.77, which was made payable in seventeen monthly installments, beginning October 1, 1926, as provided in the contract. The note contained the following: "I (we) further certify that I (we) have no defense to the payment of this note." The legal plaintiff installed the furnace and subsequently in August, 1926, assigned the contract to the use plaintiff by subscribing to the following on the reverse side of the note: "For value received the endorsers of this note......hereby assign and transfer to the legal

holder of this note all interest in the contract for which the same is executed, together with all money and payments received thereunder." Defendants never made any payments under the contract. The use plaintiff entered judgment by confession on the note on June 9, 1927, and issued execution. Defendants took a rule to open on June 20, 1927, their petition to open alleging the failure by the legal plaintiff to install a furnace according to the terms of the agreement, and the court below stayed the execution. Nothing further was done until January 28, 1931, when the use plaintiff filed an answer to the rule. After testimony was taken, the court below made the rule absolute. The use plaintiff appeals.

We agree with the disposition of the case made by the learned court below. The note was non-negotiable, because it authorized a confession of judgment before maturity: Home Credit Co. v. Preston, 99 Pa. Superior Ct. 457; Gimbel Bros., Inc. v. Hand, 101 Pa. Superior Ct. 212. Therefore, appellant is merely an assignee of the note and took subject to all equities with which it was affected in the hands of the assignor (Janes v. Benson, 155 Pa. 489, 491) unless defendants had estopped themselves from making a defense (Ashton's Appeal, 73 Pa. 153, 161).

The first contention made in behalf of appellant is that defendants are estopped, by their certificate of no defense, from setting up defenses against appellant. It is urged that the case is within the rule laid down in Robertson v. Hay, 91 Pa. 242, and Hutchison v. Gill, Ibid 253, and followed by us in Fort Pitt Real Estate Co. v. Schaefer, 96 Pa. Superior Ct. 497, that where a party executes a bond and mortgage and gives therewith a certificate of no defense and places these instruments in the hands of an agent for the purpose of raising money, he cannot defend against a purchaser of the mortgage for value without notice. This

rule has never been applied except in cases in which the purpose of the obligation which the certificate of no defense accompanied was to raise money by the sale of it for the benefit of the original obligor. Humphrey v. Tozier, 154 Pa. 410, relied on by appellant, in which the judgment was entered on a judgment note, is readily distinguishable from the present case on the ground that no certificate of no defense was given with the note and the estoppel arose against the defendant from the fact that the plaintiff, before he took the note from the payee, was assured by the defendant maker that the note was good and would be paid. It would be novel and dangerous doctrine to apply this rule to a case like the present. Appellant became the assignee of the note solely by an assignment of the legal plaintiff's interest in the contract, of which the note was a part. It took the assignment about four months after the date of the contract. The certificate of no defense inserted in the note rises no higher than the provision in the contract that "the owner ......hereby agrees that he has no defense, in whole or in part, to the payment of the sums agreed by him to be paid, as evidenced by the note signed herewith." Clearly this provision of the contract would not preclude defendants from making a defense in an action by the legal plaintiff for the contract price if the legal plaintiff failed to render performance according to the terms of the contract. In the circumstances appellant's rights rise no higher than those of the legal plaintiff under the contract, because there is no evidence that they inquired of defendants whether they had any defense under the contract. Perhaps its failure to make such inquiry is due to the fact that when it took an assignment from the legal plaintiffs it received in the assignment authority to confess judgment on the note against the legal plaintiff at any time, either before or after its

maturity, for the amount which might appear to be unpaid thereon, together with the right of execution upon the judgment.

Appellant's next contention is that error was committed by the court below, because the judgment was opened on grounds not properly pleaded. Complaint is made that the contract in full was not pleaded in the petition to open the judgment. While it would have been better practice to have set up the whole contract with the petition, appellant itself offered in evidence the duplicate copy of the contract which it received from the legal plaintiff. In our view the defect in the petition resulting from failure to insert a copy of the contract was amendable and, as appellant offered the contract in evidence, the petition can be considered by us as amended by the insertion of it.

Another complaint is that the court below considered evidence which was not admissible under the pleadings in violation of the rule that the court can grant relief only on the grounds embraced within the pleadings. See State C. of Pa. P. S. of A. v. Kelley, 267 Pa. 49. After a careful reading of the record in the light of the complaints of counsel for appellant in this regard, we are convinced that there is no merit in this contention. While some of the evidence offered by defendants related to matters not specifically averred in the petition, the court below was well able to confine its consideration to evidence properly in the case. Doubtless the court did this. In any event all of us are in accord with the conclusion of the court below that under the evidence, which was admissible under the averments of the petition, defendants have a just defense on the note on which the judgment was entered. It follows that there was no abuse of discretion in opening the judgment.

We have not overlooked the fact that the copy of the contract delivered to defendants by the agent of

the use plaintiff and signed by him for his principal contains this provision: "It is understood and agreed that if the furnace should not be satisfactory the purchaser shall not be liable under this contract." There was evidence that these words were inserted in defendant's copy of the contract by the agent of the legal plaintiff at defendants' request before they signed the contract. The copy of the contract retained by the legal plaintiff contained no such provision. This evidence alone raises for a jury the question whether the insertion was made in defendants' copy of the agreement before it was signed by them. For, if it was, there was no meeting of the minds of the parties on a material point and consequently no contract. Counsel for appellant seem to concede in their brief the correctness of this conclusion. They seek to escape the effect thereof by the contention that the note on which the judgment was entered may be considered independently of the contract. For reasons already stated such a contention cannot prevail.

The order is affirmed.