Billings et al., Appellants, *v.* Roth et al.

Argued December 11, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*R. W. Trembath*, with him *Trembath & Farr* and *E. C. Nagle*, for appellants.

*Irvin W. Coleman*, for appellee.

OPINION BY HIRT, J., January 25, 1945:

The court mistakenly, we think, opened a judgment entered against Abe Roth, one of the defendants, by confession. We are unable to find merit in his defense on the admitted facts; the order will be reversed.

In 1937 defendant Max Roth was indebted to plaintiffs on open book account and on his notes for feed sold and delivered to him by plaintiffs in a total of more than $1,500. Plaintiffs had notified him, in effect, that unless the whole indebtedness was paid or adequately secured no further credit would be extended to him. In response to this notice, Max Roth delivered the

first of a series of notes signed by him in the following form: "Jan. 14, 1937. Six months after date, for value received, I promise to pay to Paul Billings & Co. The Citizens National Bank of Tunkhannock, Pa. Fifteen hundred and no/100 Dollars with interest." The note contained a confession of judgment over the signature of the maker. The note undoubtedly was on a printed form supplied by the bank and the name of the bank, following that of plaintiffs, as payee, merely indicated the place of payment.

The admitted signature of Abe Roth, under seal, appears on the back of the note under the following: "For value received, I hereby guarantee the payment of the within note to The Citizens National Bank of Tunkhannock, Pa., *or bearer,* and I hereby confess judgment for the amount thereof, with the same right to collect from me when due as the *holder* hereof would have against the maker or makers thereof, waiving the stay, exemption and inquisition laws of Pennsylvania." (Emphasis added.) When the note in that form with the signature of both defendants was delivered to plaintiffs, Max was given further credit. Plaintiffs as payee and also as "bearer" might have held the note until maturity and then proceeded to collect it looking to Abe for payment on his undertaking. They however did discount the note at the bank named therein and the following appears on the back of the original note below the signature of Abe Roth: "For deposit only in the Citizens National Bank of Tunkhannock, Pa. to the credit of Paul Billings & Co." There were renewals by ten subsequent notes, in identical form, except on the last note, the one in question here, nothing more than the signature of Paul Billings & Company appears below that of Abe Roth on the back of the note. When the defendant failed to pay the final note at maturity, plaintiffs bought it back from the bank and received from it a written assignment of the bank's entire interest in the note. Thereafter on April 19, 1943, the

judgment in question was entered against Max Roth as maker of the note and against Abe Roth on the obligation assumed by his endorsement. It is conceded that Max is bound by the judgment entered against him.

The undertaking which Abe signed made him a surety of Max's obligation. Act of July 24, 1913, P. L. 971, 8 PS 1. Abe signed under seal and the seal imports a consideration moving to him. *Conrad's Estate,* 333 Pa. 561, 3 A. 2d 697; *Homer B. & L. Assn. v. Noble,* 120 Pa. Superior Ct. 153, 181 A. 848. But even if no valuable consideration passed to this surety, equity will not relieve him for want of consideration. *Meek v. Frantz,* 171 Pa. 632, 33 A. 413. It is of some importance to bear in mind the purpose of the note. It was given to secure the payment *to plaintiffs* of Max's existing indebtedness to them as a condition to extension of credit on further purchases. And although it was within the contemplation of the parties that plaintiffs would discount the note at the bank named therein yet plaintiff partnership was the payee of the note and there was privity between plaintiffs as "bearer" or "holder" and Abe was liable as surety (*Miners State Bank v. Auksztokalnis,* 283 Pa. 18, 128 A. 726) on his contract both before the note was discounted and after it was re-assigned to plaintiffs by the bank. Abe's undertaking was not a special contract of suretyship running to the bank alone, (Cf. *Janes v. Benson,* 155 Pa. 489, 26 A. 752) which would have relieved him from liability to plaintiffs.

The bank in discounting the note probably accepted it on the endorsement of plaintiffs, "for deposit" in their account, treating it as a negotiable instrument. The note and Abe's undertaking authorized judgment by confession before maturity and the note was non-negotiable. *Standard Furnace Co. v. Roth,* 102 Pa. Superior Ct. 341, 156 A. 600. The renewal notes, including the last note involved here, did not contain the words "for deposit" (undoubtedly because credit had

already been given) above the signature of plaintiffs. But even if plaintiffs must be regarded as having signed the undertaking appearing on the back of the note, under Abe's signature, thus becoming a co-surety, Abe is not relieved in whole or in part from liability to plaintiffs. The bank might have enforced performance of plaintiffs' contract of suretyship but Abe may not. It was not contemplated by the parties when the note was given that anyone would become co-surety with Abe and to say that plaintiffs must now be regarded as a surety for Max's obligation to themselves is an extravagant assertion. Regardless of plaintiffs' liability to the bank while it held the note, either alone or with Abe, yet when the note was re-assigned to plaintiffs by the bank, Abe and the plaintiffs were returned to their status quo as to each other; this is conceded by counsel for defendants. Therefore when judgment was entered Abe was liable to plaintiffs the then "bearer" or "holder". The relations of plaintiffs and Abe to the bank while it held the note even if regarded as co-sureties, were not conclusive of their relations to each other after plaintiffs re-acquired the note. Cf. *Taussig's Appeal*, 221 Pa. 62, 70 A. 294; *Hoff v. Kauffman*, 282 Pa. 471, 128 A. 120. Between Abe and the plaintiffs as payee, bearer, or holder of the note, Abe's obligation as surety was enforceable under the judgment confessed upon it. This was the intention of the parties as clearly indicated by the language of Abe's undertaking.

Order reversed at the costs of Abe Roth.