## S. F. C. Acceptance Corp. v. Ferree

*James B. Leckrone*, for plaintiff.
*Robert J. Stewart*, for defendants.

BUCKINGHAM, J., February 10, 1966.—On August 31, 1962, defendants entered into an installment sales contract with Vending Industries, Inc., (Vending), a New York corporation, whereby they agreed to purchase from Vending an ice maker machine and an ice and soda vending machine. The price for the machine was $4,314.54, which was to be paid in monthly installments over a period of four years. A warrant was contained in the contract which permitted judgment to be confessed against defendants for the balance remaining as of any term. On the date the contract was executed, Vending assigned it to plaintiff. The machines were delivered, and defendants commenced to make the installment payments. The ice maker functioned satisfactorily, but the vending machine never did operate properly. Defendants attempted to secure a repair of the vending machine from Vending. Failing this, defendants stopped payments on the contract, whereupon plaintiff entered judgment under the above warrant against defendants for the full balance due under the contract. Defendants then filed a petition to open or strike off the judgment, to which plaintiff filed an answer. The only deposition taken was that of John A. Ferree, one of the defendants.

Defendants have neither briefed nor argued their petition to strike off the judgment, so it is considered abandoned and will be dismissed.

Defendants' ground for opening the judgment is that the ice and soda vending machine is defective, which constitutes a failure of consideration and a breach of an implied warranty that the vending machine was fit for the ordinary purposes for which such goods are used.

Plaintiff's first contention is that these defenses are not available to defendants as against plaintiff, because plaintiff is a holder in due course of a negotiable instrument. This is not true, because plaintiff is not a holder of a negotiable instrument. The law is clear that where an instrument, as here, contains a warrant of attorney to confess judgment *as of any term*, it is nonnegotiable, and unless defendants are estopped, it is open to the same defenses which defendants would have had against Vending. The assignee of a nonnegotiable note takes it subject to all equities with which it is affected in the hands of the assignor and may not enforce payment unless the maker is estopped: Smith v. Lenchner, 204 Pa. Superior Ct. 501 (1964); Fidelity Trust Company v. Gardiner, 191 Pa. Superior Ct. 17 (1959); Bittner v. McGrath, 186 Pa. Superior Ct. 477 (1958).

In the present case, the ice and soda vending machine is obviously defective. The sale of defective goods ordinarily constitutes failure of consideration. It is well established that failure of consideration is a valid defense to an action on a note: Standard Furnace Company, Inc. v. Roth, 102 Pa. Superior Ct. 341 (1931). Plaintiff contends that since the contract here was under seal, this imports consideration and, consequently, failure of consideration cannot be asserted as a defense. This is not true. To the contrary, while *want* of consideration is not a defense against a sealed instrument, *failure* of consideration is a good defense against a sealed instrument: Shinn v. Stemler, 158 Pa. Superior Ct. 350 (1946).

It is likewise well established that a sale of personal property, under certain circumstances, carries with it an implied warranty that the goods are merchantable, i.e., fit for the ordinary purposes for which such goods are used: Uniform Commercial Code of October 2, 1959, P. L. 1023, sec. 2-314(1) and (2)(c), 12A PS §2-314(1) and (2)(c). This section reads:

"Implied Warranty; Merchantability; . . . (1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .

"(2) Goods to be merchantable must be at least such as. . .

"(c) are fit for the ordinary purposes for which such goods are used; . . . ."

We believe that such a warranty attached here. Certainly, Vending was a merchant with respect to the machines involved, and, clearly, the machines were to be fit for the ordinary purposes for which such machines are used. Plaintiff argues, however, that such an implied warranty was disclaimed and excluded by the following words which appeared in the body of the contract:

"No warranties have been made by Seller with respect to the Chattels and the Buyer's sole rights shall be under the manufacturer's written warranties, if any".

However, section 2-316(2) of the Uniform Commercial Code, 12A PS §2-316(2) states: ". . . to exclude or modify the implied warranty of merchantability or any part of it, the language must mention merchantability and in the case of a writing must be conspicuous. . . ." The code, at section 1-201, 12A PS §1-201 defines "conspicuous" as follows:

"A term or clause is conspicuous when it is so written that a reasonable person against whom it is to

operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. *Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color.* But in a telegram any stated term is 'conspicuous.' Whether a term or clause is 'conspicuous' or not is for decision by the Court". (Italics supplied.)

In the present case, the language upon which plaintiff relies does not mention merchantability, nor is it conspicuous. It is in the body of the contract and of the same color and size as the other type used for the other provisions and, under the above statutory definition of "conspicuous", fails of its purpose: Boeing Airplane Company v. O'Malley, 329 F. 2d 585 (U.S. C.A., 8th Circuit, 1964). We hold, therefore, that there was an implied warranty of merchantability in the present case; that for the two reasons above cited it was not validly disclaimed or excluded by the seller and that it was breached by the seller.

Plaintiff also argued that since the ice maker works properly, there cannot be a failure of consideration, even though the vending machine does not operate. However, it is clear from Mr. Ferree's deposition that defendants would have little use for an ice maker without a workable vending machine to sell or dispense the ice. It must be apparent, therefore, that for defendants, a failure of one of the machines for all practical purposes means a failure of both.

Plaintiff also contends that defendants are estopped to have the judgment opened, because they failed to use due diligence in that they signed the contract without reading it. We fail to see the relevance of this argument where, as here, the defense is not one of fraud but that defendants were sold defective goods.

In view of our feeling that the judgment should be opened and defendants let into a defense, it will be

unnecessary for us to pass upon defendants' contention that because plaintiff failed to insist on payments from defendants for over a year, plaintiff thereby waived its right to object to having the judgment, attacked. Accordingly, the following order is entered.

And now, to wit, February 10, 1966, defendants' petition to open the judgment is granted, the rule issued thereon is made absolute, and the judgment is opened for the purpose of permitting defendants to enter a defense to the same. However, defendants' petition to strike off the judgment is overruled and dismissed.

An exception is granted to plaintiff.