Richard J. Cardamone, J.
Questions regarding the continuance of the preliminary injunction and the addition of the DPC Corporation as a party defendant were resolved by consent upon the oral argument of the above-entitled motions. There remains for determination the motion of the First Trust and Deposit Company (hereinafter called Bank) to be dropped as a party defendant on the ground that the plaintiffs’ complaint fails to state a cause of action against it (CPLR 3211, subd. [a], par. 7).
On December 7, 1965, the plaintiffs purchased a Ford Mustang from the defendant, Steve Aloi-Ford, Inc., and executed a retail installment contract. On the same day this contract was assigned, for value, to the DPC Corporation which, in turn, assigned the contract to the defendant, First Trust and Deposit Company on December 10, 1965. The contract called for the plaintiffs to make monthly payments at the Bank. None were ever made. On March 24, 1966, the Bank repossessed the automobile. On April 5, 1966, the Bank assigned all of its interest in the contract back to the DPC Corporation. On April 8, 1966, plaintiffs served the Bank with a summons and complaint alleging breach of warranty (first cause of action) and fraud on the part of Steve Aloi-Ford, Inc. (second cause of action), and negligence on the part of Steve Aloi-Ford, Inc. (third cause of action). No allegations of fraud or negligence are set forth in the complaint against the defendant Bank and those causes of action are dismissed.
The first cause of action alleges a breach of warranty against Steve Aloi-Ford, Inc., and a breach of express warranty against the Ford Motor Company. It is alleged that the Ford Mustang became inoperable on December 12, 1965, and remains so to this date. No timely notice of this condition was given to the Bank although the Bank promptly notified the plaintiffs that it was the assignee of the contract. The form used in this transaction was furnished to Steve Aloi-Ford, Inc., by the defendant Bank and printed thereon is the direction that installment payments as fixed in the contract are to be paid commencing January 15, 1966, at the ‘ ‘ First Trust and Deposit Company, 201 South Warren Street, Syracuse, New York”. No other reference to the Bank is made in the contract and it is not a signatory to the contract.
There appears no dispute as to these facts. Also, there is no dispute that the Bank took this assignment in good faith and for value and is not liable for any alleged breach of some independent agreement which “ though relating to the goods sold, is not a part of the contract assigned by the seller ”, (Glens *163 Falls Nat. Bank & Trust Co. v. Sansivere, 136 N. Y. S. 2d 672, 674 [1955].) The Bank was not the assignee named in the contract. No facts are shown here which would impugn the Bank’s good faith or lead to the conclusion that it was “ inextricably intertwined ’ ’ in this transaction so as to be a proper party defendant (see Nassau Discount Corp. v. Allen, 44 Misc 2d 1007, 1013, revd. 47 Misc 2d 671 [App. Term, 2d Dept., 1965]).
Finally, it appears by affidavit, without dispute, that the Bank mailed to the plaintiffs the statutory notice required and received “ no notice of the facts giving rise to the claim * * * within ten days ” from the plaintiffs. (Personal Property Law, § 302, subd. 9; § 403, subd. 3, par. [a].) Under these circumstances the provisions in the contract wherein the buyer agreed (par. 7 of agreement) “ not to set up any claim or defense arising out of the sale against such seller as a defense * * * to any action by any assignee ” are enforcible. (See D. P. C. Corp. v. Reynolds Motors, 15 A D 2d 861 [4th Dept., 1962].)
The Bank, having validly assigned the subject matter of the contract, no longer has any interest in it and is, therefore, not a proper party to this litigation. Therefore, the Bank’s motion to have the plaintiffs’ complaint dismissed as against it is granted, without costs.