Hancock Bank *v.* Orlando (et al., Appellant).

Argued April 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

reargument refused October 7, 1971.

*Stanley G. Makoroff,* with him *Stephen J. Laidhold,* and *Morris, Safier & Makoroff,* for appellant.

*Mord C. Taylor, Jr.,* with him *Ruby, Nescott and Taylor,* for appellee.

OPINION BY WATKINS, J., September 21, 1971:

This is an appeal from an order of the Court of Common Pleas, Civil Division, of Allegheny County discharging a Rule to Show Cause why a judgment should not be opened.

The issues were determined by the court upon the following stipulation of facts.

"1. Plaintiff, The Hancock Bank, through its Board of Directors at a regular meeting in March of 1967, approved a Line of Credit for Little Miss Tomatoes, Inc., to be secured by guarantee of certain principal shareholders.

"2. On July 5, 1967, the Plaintiff Bank loaned to Little Miss $27,500.00 by check payable to Little Miss Tomatoes Company, which was deposited in Little Miss account in the Citizens National Bank of Berkley Springs, West Virginia. This loan was secured by the six month note of Theodore Feinman, Steve Orlando and E. A. Rittenhouse.

"3. Renewal notices showing principal and interest due, together with new notes for execution, were mailed to Little Miss Tomatoes, Inc., Box 278 Berkley Springs, West Virginia, by the Plaintiff Bank. The re-

newal notes executed, together with interest due, were returned by mail.

"4. A renewal note which was due January 5, 1968, was executed January 8, 1968, and mailed to the Bank together with interest due in the amount of $825.00.

"5. The renewal note in question was due July 5, 1968, and was not completed until September 23, 1968, again by payment of interest of $825.00 on September 18, 1968, and a new note dated July 5, 1968, filled out and signed by five individuals, to wit: Theodore Fein-man, Steve Orlando, E. A. Rittenhouse, Claire Keller and Edwin Sable.

"6. All renewal notices and interest notices were mailed by the Plaintiff Bank to Little Miss Tomatoes Company at Box 278, Berkley Springs, West Virginia. Correspondence requesting substantial principal reductions was mailed on October 1, 1968, by the Plaintiff and again on November 2, 1968, to Mr. Theodore Fein-man.

"7. No one at Plaintiff Bank ever discussed this matter with Claire Keller and no one at the Bank has any knowledge as to how or when her signature was acquired on the note in question.

"8. Arthur Paul Keller, deceased husband of Claire Keller, was a stockholder of Little Miss Tomatoes Company. He died October 5, 1966, and by his Last Will and Testament dated April 8, 1953, Arthur Paul Keller bequeathed his stock in Little Miss Tomatoes Company to Peoples First National Bank and Trust Company and his brother, Allen D. Keller, as Trustee for the benefit of his wife, Claire Keller.

"9. Judgment at the above number and term was obtained as a result of a Confession of Judgment clause contained in a note payable to the Plaintiff dated July 5, 1968, in the sum of $27,500.00.

"10. On or before July 5, 1968, the said Claire Keller was not indebted to the Plaintiff Bank in any way.

"11. Claire Keller, the Defendant, received no consideration on July 5, 1968, for the execution of said Judgment Note, and no proceeds were ever distributed to her in any way.

"12. The Plaintiff Bank did not request the Defendant, Claire Keller, to execute said note prior to receiving the note containing her signature."

There is no argument that the note signed by the appellant was non-negotiable accommodation paper and that the note was given to answer for the possible default of Little Miss Tomatoes, Inc.

The relationship created between the parties is controlled by Act of 1913, July 24, P. L. 971, §1, 8 P.S. §1, which states as follows: "Every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship,' or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: 'This portion of the agreement is not intended to impose the liability of suretyship.' 1913, July 24, P. L. 971, §1."

The note executed by the appellant was under seal and this appears to be the only consideration intended. *Billings v. Roth,* 156 Pa. Superior Ct. 390, 40 A. 2d 910 (1945).

Appellant claims that she was induced to sign the note through some fraud or misrepresentation made to her by one of the other principals on the note. The court below in a very able opinion has covered the law very clearly as follows: "It is well settled that when a principal obligor on a note has induced his surety or guarantor to sign an instrument through a false or fraudulent representation, such misrepresentation may

not be set up by the surety or obligor as a defense to an action on the endorsement or guarantee unless the obligee had notice of or participated in such fraud. Johnston v. Patterson, 114 Pa. 398, 6 A. 746 (1886); Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456 (1921); Pennsylvania Law Encyclopedia (Suretyship) Section 33, 35 P.L.E. summarizes the applicable law as follows: 'Where a surety has been induced to enter into a suretyship contract by the fraud of the principal obligor it is necessary that the obligee have knowledge of it or have participated therein, order to release the surety from liability.' "

Nothing in the stipulation of facts substantiates the contentions of the appellant.

Order affirmed.