Commonwealth of Pennsylvania, Plaintiff, *v.* Edward Northey Edwards and Vincent J. Leta, Defendants.

Argued June 3, 1974, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Wayne L. Dietrich,* Assistant Attorney General, with him *Paul J. Carey, Jr.,* Deputy Attorney General, and *Israel Packel,* Attorney General, for plaintiff.

*Bruce A. Grove, Jr.,* with him *Beckley & Grove,* for defendant, Leta.

OPINION BY JUDGE WILKINSON, July 17, 1974:

This is an action in assumpsit by the Commonwealth to recover from defendant Edwards the sum of $3,175.80 with interest for his default in transmitting funds collected by him as an alderman and not transmitted to the Commonwealth, and from defendant Leta $1,000.00 for the penal sum of the bond which he executed as surety for the faithful performance of the duties of the office of alderman by defendant Edwards, and for the faithful applying, accounting for and paying over of all money received by defendant Edwards in his official capacity to the parties entitled to the same. Defendant Edwards did not file an answer and judgment was entered against him on November 13, 1973, in the amount of $3,405.65.

Defendant Leta filed an answer denying the allegations of the complaint, demanding proof and containing new matter in which he alleged that his signature on the bond was obtained by fraud, and that the bond was invalid in that he had not personally appeared before a notary public or any public official to sign the bond in his presence.

Testimony has been taken, requests for findings of fact and conclusions of law have been submitted, briefs have been filed, argument held, and the matter is now before us for disposition.

### Findings of Fact

1. The defendant, Edward Northey Edwards, was commissioned alderman in and for the twelfth Ward of of the City of Williamsport, County of Lycoming, Pennsylvania, for the term of six years, computed from the first Monday of January 1968, and expiring January 6, 1974, as a result of a municipal election held in November 1967.

2. The defendant, Edward Northey Edwards, during his term in office as a duly elected and commissioned alderman, was vested with judicial jurisdiction to receive informations for violations of the Vehicle Code of the Commonwealth of Pennsylvania and to hear and dispose of prosecutions thereof, impose fines, penalties and bail and collect fines, penalties and/or bail forfeitures.

3. The defendant, Edward Northey Edwards, during his term in office, was required to pay over monthly to the plaintiff, the Commonwealth of Pennsylvania, all fines, penalties and/or bail forfeitures imposed and collected by him pursuant to the execution of his office.

4. The defendant, Edward Northey Edwards, failed to remit to the Commonwealth of Pennsylvania the sum of $3,175.80, which said sum was due and owing to the Commonwealth of Pennsylvania as a result of fines, penalties and/or bail forfeitures which the said Edward Northey Edwards collected for the period October 1, 1969 through December 31, 1971.

5. The defendants Vincent J. Leta and Edward Northey Edwards on December 18, 1967 executed a contract of suretyship with the Commonwealth of Pennsylvania as principal obligee, Edward Northey Ed-

wards as principal obligor, and Vincent J. Leta as surety, in the amount of One Thousand Dollars ($1,-000.00) for the faithful execution and performance of all the duties of defendant, Edward Northey Edwards, in the office of alderman, which was recorded in Commission Book No. 9, page 28, in the Office of Recorder of Deeds, County of Lycoming, Pennsylvania.

6. The contract of suretyship was in fact signed by defendant, Vincent J. Leta.

7. The said contract of suretyship was duly filed in the Office of the Prothonotary and Clerk of Courts of Lycoming County, Pennsylvania.

8. The Commonwealth of Pennsylvania had no knowledge of and did not participate in any alleged fraud or misrepresentations by defendant, Edward Northey Edwards to defendant, Vincent J. Leta, with respect to the execution of said contract of suretyship.

9. The Commonwealth of Pennsylvania had no knowledge of any alleged irregularity in the said contract of suretyship.

10. The defendant, Vincent J. Leta is a college graduate and is fully literate.

## Conclusions of Law

1. The defendant, Edward Northey Edwards, failed to faithfully execute and perform all the duties of the office of Alderman, and failed to faithfully apply, account for and pay over all money received by him to the Commonwealth of Pennsylvania, as required by law.

2. The instrument dated December 18, 1973, executed by Edward Northey Edwards and Vincent J. Leta, was a contract of suretyship in which defendant Edward Northey Edwards was the principal obligor, the Plaintiff, Commonwealth of Pennsylvania, the principal obligee, and defendant, Vincent J. Leta, the surety.

3. The surety, Vincent J. Leta, may not raise as a defense in an action by the principal obligee, the Commonwealth of Pennsylvania, fraud and misrepresentation on the part of the principal obligor, Edward Northey Edwards, when it is found as a fact that the Commonwealth of Pennsylvania had no knowledge of the alleged fraud or misrepresentation.

4. Where a contract of suretyship is valid on its face, there is no duty on the part of the principal obligee, to inquire whether the said contract has been executed as a result of fraud or misrepresentation or whether the said contract contains any irregularities with respect to the execution of same.

5. There was no negligence on the part of the principal obligee, the Commonwealth of Pennsylvania.

6. The Commonwealth of Pennsylvania is entitled to judgment against the defendant, Vincent J. Leta, in the sum of $1,000.00 plus costs and interest.

## Discussion

The only questions raised by the answer and new matter filed, as well as briefed and argued before this Court, relate to the alleged fraud in obtaining defendant Leta's signature on the surety bond, and the irregularities in obtaining the jurat on the acknowledgement. Some questions were asked and requests for findings were submitted by defendant Leta which deal with whether the Commonwealth gave defendant Leta timely notice when it first had knowledge of defendant Edwards' default. We do not make findings on this point since the matter is not properly before us. We would observe that defendant Leta, who impressed the Court with his candor and straightforward answers, not only frankly admitted he signed the document without reading it, but also admitted that defendant Edwards had told him "a year or two ago" (he did not remember exactly when) that Edwards was having trouble about

"deficient funds" and that defendant Leta's name came up because of "that document." No doubt the uncertainty of defendant Leta as to when he received such information accounts for the issue not being raised.

The defendant Leta's main position that the bond was invalid because of the alleged fraud has been discussed and disposed of recently by President Judge WATKINS (then Judge WATKINS) of the Pennsylvania Superior Court in his able opinion in *Hancock Bank v. Orlando*, 220 Pa. Superior Ct. 1, 4, 281 A.2d 466, 468 (1971) : "Appellant claims that she was induced to sign the note through some fraud or misrepresentation made to her by one of the other principals on the note. The court below in a very able opinion has covered the law very clearly as follows: 'It is well settled that when a principal obligor on a note has induced his surety or guarantor to sign an instrument through a false or fraudulent representation, such misrepresentation may not be set up by the surety or obligor as a defense to an action on the endorsement or guarantee unless the obligee had notice of or participated in such fraud. Johnston v. Patterson, 114 Pa. 398, 6 A. 746 (1886) ; Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456, [112 A. 562] (1921) ; Pennsylvania Law Encyclopedia (Suretyship) Section 33, 35 P.L.E. summarizes the applicable law as follows: "Where a surety has been induced to enter into a suretyship contract by the fraud of the principal obligor it is necessary that the obligee have knowledge of it or have participated therein, in order to release the surety from liability." ' " This is not a modern doctrine but one well established in the law. In 1886, it was sufficiently clear for the Pennsylvania Supreme Court to state: ". . . But surely the representations of the principal made to his sureties in the absence of the plaintiff, and of which it was not even alleged that he had notice, cannot be given in evidence against him in order to

discharge the sureties. We need not discuss so plain a proposition; it argues itself." *Johnston v. Patterson,* 114 Pa. 398, 404, 6 A. 746, 748 (1886)

Defendant Leta's counsel relies on *Schuylkill County v. Copley,* 67 Pa. 386 (1871), where an illiterate individual signed a bond of a tax collector on the representation that it was a petition for the tax collector's appointment. Whether this is the law today in view of *Johnston v. Patterson, supra,* we need not and do not decide, since *Copley,* by its own facts, reasoning and express limitation in the opinion, is limited to where the person who signed without reading is illiterate. Here, defendant Leta is a college graduate.

Defendant Leta's other defense is that since there were alleged irregularities in the jurat on the acknowledgement on which uncontradicted evidence was offered, the bond is either incomplete or void. In addition to the bond being signed, the acknowledgement is signed by defendant Leta. He readily admits he signed in both places, and only denies that he was not sworn and that he did not sign in the presence of anyone other than defendant Edwards. Neither able counsel for defendant Leta nor our own research has developed any statutory or case law to the effect that the validity of the bond depends on the validity of the jurat on the acknowledgement. See *Creesona v. Sowers,* 134 Pa. 354, 19 A.686 (1890), which seems to say that if the facts had supported the acknowledgement, i.e., it was the proper signature of defendant Leta, the jurat will not be questioned. Neither the Act of June 21, 1839, P. L. 376, 42 P.S. §111, nor Rule 110 of the Rules and Standards with Respect to Offices of Justices of the Peace makes the validity of the required bond depend on the validity of the jurat.

Inasmuch as the knowledge to be imparted to the Commonwealth by virtue of the knowledge of either the Prothonotary or the Recorder of Deeds goes only

to the possibility that the Commonwealth could be charged with knowledge of the alleged invalidity of the jurat and not charged with any knowledge of any alleged fraud in misrepresenting the nature of the instrument, it becomes unnecessary for us to decide whether such knowledge of the Prothonotary or the Recorder of Deeds could be imputed to the Commonwealth. It is to be noted that following the allegedly improper jurat being affixed, the bond and surety were approved by the Court of Common Pleas.

Accordingly, we enter the following

### ORDER

Now, July 17, 1974, judgment shall be entered in favor of the Commonwealth and against Vincent J. Leta in the amount of $1,075.00, being $1,000.00 with interest from March 20, 1973. Costs to be paid by Edward Northey Edwards and Vincent J. Leta jointly and severally, but if paid by Vincent J. Leta shall be recoverable by him from Edward Northey Edwards in the manner the verdict he pays or any part thereof may be recovered by him from Edward Northey Edwards. This order shall become final if exceptions are not filed within 20 days from the date hereof.