## Seigler v. Mellon Bank, N.A.

*Daniel Krause,* for plaintiffs.
*Donald Mazzetta* and *Samuel B. Roth,* for defendants.

FINKELHOR, *J.,* January 3, 1980—The above matter came before the court on the preliminary objections of defendant Mellon Bank* to plaintiffs' equity action to enjoin the collection of a home improvement loan and to declare said loan agreement to be null and void.

On or about August 21, 1976, plaintiffs executed a contract with Bethel Aluminum Corporation (Bethel) for various home improvements and submitted two credit applications to defendant Mellon Bank for the financing of the proposed work. On or about December 22, 1976, Bethel assigned to Mellon a Pennsylvania home improvement installment contract and a property improvement contract and two completion certificates, dated December 21,

---

*Separate preliminary objections were not filed by defendant Old Republic Insurance Company, but counsel appeared at the oral argument.

1976. Mellon advanced funds to Bethel for the account of plaintiffs. Mellon later assigned the home improvement contract to Old Republic Insurance Company and assigned the property improvement contract to the United States of America, i.e., Federal Housing Authority.

On or about March 13, 1978, plaintiffs filed this action and alleged that the signatures on the installment contracts and completion certificates were forgeries and that the work to be performed by Bethel was not in conformity with the agreement. In addition, plaintiffs state that notice was given to Mellon Bank of both the improper performance of the work and the alleged forged signatures.

Defendant Bank has filed preliminary objections in the nature of a demurrer and argues that plaintiffs failed to timely notify defendant of their intent to rescind the agreement; that the dispute should be referred to arbitration under the terms of the contract; that the Federal Housing Authority is a necessary defendant and that the complaint is barred by laches.

In considering preliminary objections to plaintiffs' complaint, the court is bound by the facts as alleged by plaintiffs. In this case, plaintiffs have alleged that the signatures which appeared on the contract and other documents were forged and that defendants were given notice. It is plaintiffs' position that the applicable law is not one of rescission but that the contract, itself, is a nullity.

While not argued by either party, this matter is governed by the Pennsylvania Home Improvement Finance Act of August 14, 1963, P.L. 1082, as amended, 73 P.S. §500-208. Section 208 of said act provides as follows:

"No right of action or defense arising out of the transaction which gave rise to the home improvement installment contract which the buyer has against the contractor, and which would be cut off by assignment, shall be cut off by assignment of the contract to any third person whether or not he acquired the contract in good faith and for value unless the assignee gives notice of the assignment to the buyer as provided in this section and within fifteen days of the mailing of such notice receives no written notice of the facts giving rise to the claim or defense of the buyer."

Plaintiffs seek to bar not only the Bank, but the Old Republic Insurance Company from collecting the loan.

While one who is a holder in due course takes an instrument free of all personal defenses, these concepts have been limited by the Home Improvement Finance Act: Stevwing v. Western Pa. National Bank, 468 Pa. 24, 359 A. 2d 793 (1976).

While plaintiffs' pleading could be clarified, plaintiffs have alleged a cause of action. The defense of untimely notice is properly a matter for answer and new matter.

Defendant's other objections, with the exception of the joinder of a necessary party, are also prematurely stated. Where a third party's rights are so connected to those of the litigants that no decree can be made without impairing such rights, the third party should be joined as an indispensable party: Columbia Gas Transmission Corp. v. Diamond Fuel Co., 464 Pa. 377, 346 A. 2d 788 (1975).

Therefore, based upon the facts as alleged by

plaintiffs, defendant's objections are sustained as to the Federal Housing Authority, but dismissed on all other grounds. An appropriate order is attached hereto.

## ORDER

And now, January 3, 1980, upon the preliminary objections of defendant in the nature of a demurrer and after consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that said objections as to the non-joinder of a necessary party are sustained and all others are dismissed.

It is further ordered that plaintiffs shall be granted 20 days from the date of this order to join the Federal Housing Authority as a party defendant and all defendants shall be granted 20 days thereafter to file an answer to the complaint.